IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANET VIGIL SANCHEZ,

    Plaintiff,

vs.

                                        Civ. No. 17-1168 KG/LF

WALGREENS FAMILY OF COMPANIES,
WALGREEN CO., WALGREEN
HASTINGS CO., WALGREENS STORE
NO. 3367, SDG8011 HARPER, LLC, and
JOHN DOE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The matter is before the Court on Plaintiff's Motion to Remand and Memorandum in Support of Motion to Remand (collectively, Motion to Remand), filed on December 28, 2017. (Docs. 8 and 9). The Motion to Remand is fully briefed. (Docs. 11 and 15). On June 15, 2018, the Court held a telephonic hearing at which Matthew Thomas Tucker appeared for Plaintiff and Alex Cameron Walker appeared on behalf of Defendants. Having considered the Motion to Remand, the briefing, the arguments of counsel, and the applicable law, and for the reasons stated on the record at the June 15, 2018, telephonic hearing, the Court denies the Motion to Remand.

I. *Procedural Background*

Plaintiff originally filed her complaint for negligence on October 12, 2017, in the Second Judicial District Court, State of New Mexico, D-202-CV-2017-07289, and named Walgreens Family of Companies, *et al*., and store manager, Matthew Delgado, as Defendants. On November 28, 2017, Defendants filed their Notice of Removal, (Doc. 1), asserting diversity subject matter jurisdiction and asserting that while Delgado is a non-diverse party, Plaintiff

fraudulently joined Delgado in the original complaint. A month later, Plaintiff filed her Motion to Remand based on lack of diversity of citizenship.

In their response to the Motion to Remand, Defendants attached an affidavit from Delgado attesting that while he is employed by Walgreens as a Pharmacy Manager, he did not work at the Walgreen's location on the date Plaintiff alleges to have been injured, and that he did not become the store manager until a later date. (Doc. 11-1).

Plaintiff maintains in her reply that even if Delgado was not the store manager, the Court should allow her to amend her complaint to add the actual store manager, against whom she can establish a "possibly viable claim." Plaintiff claims that such a mistaken joinder of Delgado was not fraudulent and that, therefore, there is no diversity of citizenship to support federal diversity subject matter jurisdiction.

After the parties fully briefed the Motion to Remand, Plaintiff filed an unopposed motion to dismiss the claims against Delgado, (Doc. 44), which the Court granted. Accordingly, the Court entered an order dismissing Delgado from the lawsuit. (Doc. 45).

II. Analysis

A. Diversity Jurisdiction

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district … embracing the place where such action is pending." 28 U.S.C. § 1441(a); *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013). A federal court has jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different States…." 28 U.S.C. § 1332(a). Defendants assert the amount in controversy in this case exceeds $75,000, and

Plaintiff does not contest that assertion. Based on my own review of the complaint and the positions of the parties, I find that the amount in controversy exceeds $75,000.

The remaining jurisdictional question stemming from section 1332(a) is whether there is complete diversity in this case and, if not, whether this Court, nevertheless, has subject matter jurisdiction. I find first that complete diversity in this case is lacking. Specifically, Delgado is a citizen of New Mexico as is Plaintiff.

As an initial matter, Defendants argue that Plaintiff's Motion to Remand is now moot. Defendants contend that because the amount in controversy exceeds $75,000 and the Court dismissed Delgado from this suit, complete diversity of citizenship exists at this time, thereby mooting the Motion to Remand. Even so, when analyzing removal jurisdiction, the Court considers the complaint as it existed at the time of removal. And here, when Defendants filed their Notice of Removal, Delgado was a non-diverse party. (Doc. 1-1) at ¶ 8. Therefore, the Court considers whether, at the time this matter was removed, diversity subject matter jurisdiction was proper.

   *B. Fraudulent Joinder*

A defendant may remove a case to federal court based on diversity subject matter jurisdiction, but absent complete diversity of citizenship, when the plaintiff joined a non-diverse party in the state action in order to defeat federal subject matter jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991) (stating, "[i]f . . . plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder"). In fact, Defendants assert that Plaintiff fraudulently joined Delgado.

"To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing*, LP, 648 F.3d 242, 249 (5th Cir. 2011)). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id*. (quoting *Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 461 (2d Cir. 1998)).

Defendants do not argue the existence of actual fraud. Rather, and to the extent there is a difference, Defendants argue Plaintiff joined Delgado simply to destroy complete diversity. The Court need not consider actual fraud and will focus on the second prong of the fraudulent joinder test. For this purpose, the Court considers the analysis by the Honorable James Browning in *McGrath v. City of Albuquerque*, 2015 WL 4994735 (D.N.M.), helpful:

> [T]he test is "whether the defendant has demonstrated that there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join in the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants."

*Id.* at *19 (emphasis added) (citing *Dutcher*, 733 F.3d at 988 and quoting *Cuevas*, 648 F.3d at 249). As such, the defendant seeking removal must overcome a presumption against removal. *Id.* at *12. The standard to establish fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced." *Montano v. Allstate Indemnity Co*., 211 F.3d 1278, 2000 WL 525592, at *2 (quoted in *McGrath*, 2015 WL 4994735, at *17).

As discussed above, Defendants have tendered Delgado's affidavit in which he attests that he was not employed at the Walgreens location at issue and on the date Plaintiff alleges to have been injured. Plaintiff has offered no evidence to rebut this affidavit. In addition, my

4

review of Plaintiff's complaint and the allegations relating to Delgado fail to establish a reasonable basis for this Court to predict that Plaintiff might recover against Delgado. Based on the foregoing, I have determined that Plaintiff fraudulently joined Delgado in this matter. As a result, I conclude, based on the original complaint that diversity subject matter jurisdiction was proper on the date of removal.

IT IS, THEREFORE, ORDERED that the Motion to Remand (Doc. 8) is denied.

_____
UNITED STATES DISTRICT JUDGE